**In re Raymond Eugene MASSENGILL, Debtor.**

**No. 96–12172–RLB–7.**

United States Bankruptcy Court, S.D. Indiana, Indianapolis Division.

Aug. 20, 1997.

698

Jackie S. Dodd, Indianapolis, IN, pro se.

Leonard Opperman, Kunz & Opperman, Indianapolis, IN, for debtor.

## ENTRY ON MOTION FOR RELIEF FROM STAY

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Motion for Relief from Stay and [for] Order Determining Counsel's Fees Non–Dischargeable by Debtor's Bankruptcy ("Motion for Relief from Stay"), filed by Jackie S. Dodd ("Ms. Dodd") on March 14, 1997. Ms. Dodd filed a brief in support of the Motion for Relief from Stay on June 20, 1997, and Raymond Eugene Massengill ("Debtor") filed a brief in opposition to the Motion for Relief from Stay on June 25, 1997. The Court, having reviewed the Motion for Relief from Stay and the briefs of the parties, now makes the following Entry.[1]

The Debtor filed a petition under Chapter 7 on December 16, 1996. Prior to the bankruptcy filing, the marriage of the Debtor and Christina Massengill ("Christina") was dissolved on September 23, 1996. The Debtor

was ordered to pay the legal fees owing to Christina's counsel, Ms. Dodd (the "Legal Fee Debt"). The legal fees then owed to Ms. Dodd totaled approximately $16,000. On November 25, 1996, Ms. Dodd reduced the Attorney Fee Debt to a judgment against the Debtor. (The state court's September 23, 1996 and November 25, 1996 orders are hereinafter referred to collectively as the "Pre–Petition Orders".) The Debtor filed his bankruptcy petition the following month.

Soon after the bankruptcy filing, and without first obtaining relief from the stay, Ms. Dodd filed a complaint in state court to determine the dischargeability of the Attorney Fee Debt (the "State Court Action").[2] On March 11, 1997, the state court entered an order ("Non–Dischargeability Order"), finding that the Attorney Fee Debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(5).[3] After the entry of the state court's Non–Dischargeability Order, Ms. Dodd filed the instant Motion for Relief from Stay, asking that she be granted relief from stay to collect the Attorney Fee Debt from the Debtor.

The Debtor objects to the Motion for Relief from Stay. The Debtor argues (correctly) that state court orders obtained in violation of the stay are void, and are not just voidable. See Matter of Thomas–Roell Investments, Adv. No. 95–229 (Bankr.S.D.Ind.1996) (judgment obtained after bankruptcy filing is void ab initio). The Debtor argues that because Ms. Dodd did not obtain relief from the

---

1. On April 8, 1997, an Order ("April 8 Order") granting the Motion for Relief from Stay was entered by the Court. On the same day that the April 8 Order was entered, the Debtor filed an Objection to the Motion for Relief from Stay. On April 17, 1997, the Debtor filed a Motion to Reconsider, asking that the Court reconsider its decision to grant the Motion for Relief from Stay. On May 15, 1997, a hearing on the Debtor's Motion to Reconsider was held, at which hearing the Court ruled that the Motion to Reconsider would be granted. The parties have since gone forward with litigating the merits of the Motion for Relief from Stay, and the Debtor's objection thereto.

2. State courts have concurrent jurisdiction with bankruptcy courts to determine the dischargeability of marital debts. In re Mitchell, 132 B.R. 585 (S.D.Ind.1991).

3. The Non–Dischargeability Order provides in relevant part as follows:

. . . .
7. Debtor's obligation to pay Counsel, Jackie S. Dodd, as established by the Final Order Determining Custody, Visitation, Child Support and Division of Property dated September 23, 1996 is in the nature of support and maintenance and is excepted from Debtor's Chapter 7 Bankruptcy pursuant to 11 U.S.C. § 523(a)(5). Therefore, Counsel's fee award is non-dischargeable in Debtor's Chapter 7 Bankruptcy. . . .
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Counsel's Fees are not dischargeable by Raymond Eugene Massengill, Jr. . . . .

stay before going forward with the State Court Action, the obtaining of the Non–Dischargeability Order was a violation of the stay, with the consequence that the Non–Dischargeability Order is void and a nullity. According to the Debtor, because at this point there is no non-dischargeable debt to collect, Ms. Dodd's request for relief from stay to collect the Attorney Fee Debt should be denied.

■ Ms. Dodd argues that the obtaining of the Non–Dischargeability Order was *not* a violation of the automatic stay, because 11 U.S.C. § 362(b)(2)(A) excepts from the stay an action to determine the dischargeability of a marital debt. Section 362(b)(2)(A) provides as follows:

> (b) The filing of a petition ... does not operate as a stay—
>
> ....
>
> (2) under subsection (a) of this section—
>
> (A) of the commencement or continuation of an action or proceeding for—
>
> (I) the establishment of paternity; or
>
> (ii) the establishment or modification of an order for alimony, maintenance, or support; or
>
> (B) of the collection of alimony, maintenance, or support from property that is not property of the estate.

Section 362(b)(2) was amended in 1994. Prior to 1994, Section 362(b)(2) excepted from the stay only the actions that are now described in Section 362(b)(2)(B), *i.e.*, actions to collect support from non-estate property. When subsection (b)(2)(A) was added to Section 362(b)(2) in 1994, the protections set out in Section 362(b)(2) for former spouses were broadened, to further except from the stay actions to, *inter alia*, establish or modify support.

Ms. Dodd argues that the State Court Action and the Non–Dischargeability Order

that resulted therefrom were no more than an attempt to "modify" the Pre-Petition Orders; she merely sought to amend the Pre–Petition Orders that were silent as to dischargeability, to address whether the Attorney Fee Debt is in the nature of support, and therefore non-dischargeable in bankruptcy. The case law is sparse in this area.[4] Regardless of the lack of precedent, the Court finds Ms. Dodd's argument persuasive. If a post-petition request to modify a support order by increasing it (presumably an event adverse to the debtor) is permissible, then it only follows that a request to clarify a previously-issued order silent as to the nature of the debt and its dischargeability, should be permissible (regardless of the potential for adversely affecting the debtor's financial situation).

The policy concerns expressed by Congress in the 1994 amendments to Section 362(b)(2) support Ms. Dodd's argument. The amended Section 362(b)(2) explicitly states that an action to *establish* (*i.e.* obtain a court order for support where none existed before) a support order is not a violation of the stay. If an action to *create* a support order is not a violation of the stay, then presumably an action to declare a debt to be in the nature of support and non-dischargeable, should not be considered a violation of the stay. By amending Section 362(b)(2) in 1994, Congress clearly intended to broaden the protections offered former spouses and children. That Congressional intent would be significantly frustrated if the Court were to hold that Section 362(b)(2)(A)(ii) does not except from the stay the type of action in issue here.

■ For all the foregoing reasons, it is the conclusion of the Court that the filing of the dischargeability action in state court was excepted from the stay by Section 362(b)(2)(A)(ii). The Non–Dischargeability Order is not void, and remains the law of the case. Ms. Dodd should be granted relief

---

4. One court has held that the Section 362(b)(2)(B) exception for collection of support applies to collection of support from a debtor's exempt property, *In re Cole*, 202 B.R. 356 (Bankr.S.D.N.Y.1996). Another court has held that discovery in connection with a paternity and support action, including discovery of the debtor's income, was excepted from the stay by Sec-

tion 362(b)(2)(A)(I), *In re Campbell*, 185 B.R. 628 (Bankr.S.D.Fla.1995).

The cases cited by the Debtor on this point, *Matter of Brock*, 58 B.R. 797 (Bankr.S.D.Ohio 1986), and *In re Embry*, 10 F.3d 401 (6th Cir. 1993), were decided prior to the 1994 amendments, and for that reason, are not strong support for the Debtor's argument.

from stay to collect the Attorney Fee Debt from the Debtor.

IT, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Stay be, and hereby is, GRANTED, to the extent necessary to permit Ms. Dodd to collect the Attorney Fee Debt.