In re John C. VARGASON and Serena L. Vargason, Debtors.

John C. Vargason, Plaintiff,

v.

Gwi Su Porter, Defendant.

Bankruptcy No. 00–30647.
Adversary No. 00–7071.

United States Bankruptcy Court,
D. North Dakota.

April 5, 2001.

K. Howard Sharp, Kuchera, Stenehjem, Walberg & Sharp, Grand Forks, ND, for Debtors.

Wayne Drewes, Fargo, ND, trustee.

### MEMORANDUM OPINION

WILLIAM A. HILL, Bankruptcy Judge.

This adversary proceeding arises by Complaint filed December 7, 2000, by which the Debtor, John C. Vargason ("Vargason"), seeks a determination that a debt arising out of a Final Judgment of Divorce entered on June 10, 1999, by the Superior Court of Guam (Domestic Case

No. D.M. 0395–99) be regarded as a property settlement dischargeable by virtue of section 523(a)(15) of the United States Bankruptcy Code. He further charges that as his former spouse, Gwi Su Porter ("Porter") failed to request a determination of dischargeability as required by section 523(c)(1), and as a consequence the debt, as a property division, was in fact discharged by entry of an Order of Discharge on July 26, 2000.

In her answer, Porter denies any knowledge of the bankruptcy petition and relies not upon the June 10, 1999, Final Judgment of Divorce but rather, upon a later order issued by the same court directing a wage assignment. This Order was entered on September 20, 2000.

Following the filing of the complaint seeking discharge, Vargason filed a motion for injunctive relief asking this Court to enjoin any further withholding of his wages pending resolution of the issue. On January 2, 2001, this Court entered a Temporary Restraining Order temporarily enjoining the Defense Finance and Accounting Service from withholding any wages from the pay and compensation of Vargason pending final resolution.

Trial was held on March 28, 2001. Porter did not appear nor offer any defense beyond her answer and a letter explaining her personal problems and travel difficulties.

From the evidence presented the Court makes the following findings of material fact and conclusions of law:

### Findings of Fact

1.

The Debtor, Vargason, is a technical sergeant in the United States Air Force and is currently stationed at the Grand Forks Air Force Base, Grand Forks, North Dakota. While stationed in Guam

he and Porter were divorced. Porter remains a resident of Guam presently residing at 310 Lodera Lane No. 509, Mangilao, Guam 96923. The Final Judgment of Divorce entered in the Superior Court of Guam on June 10, 1999, incorporating the terms of an Interlocutory Judgment For Divorce entered on the same date provided for a division of property as follows:

> "One-half (½) of the value of all community property payable to the plaintiff with a monthly payment of Four Hundred Dollars ($400.00) per month into plaintiff's account # 2273564019 for Three (3) years."

The foregoing judgment made no mention of alimony or support and at trial Vargason testified that although he and Porter had a discussion about alimony, he would not agree to it so there was instead a division of property. After making ten payments, Vargason found it difficult to continue, and faced with other financial problems, he filed for relief under Chapter 7 in the United States Bankruptcy Court, District of North Dakota on April 26, 2000. Porter was listed in Schedule "C" as a creditor but her address was given as c/o Jack Avery, Attorney at Law, 153 Martyr Street, Agana, Guam. Attorney Avery was Porter's divorce attorney but whether he thereafter continued as her attorney or agent is unknown. All bankruptcy notices including the Clerk's Notice setting forth July 25, 2000, as the last day for filing a complaint objecting to discharge were sent to Porter c/o Attorney Avery. It is not known whether or not she ever received the documents.

In any event, no adversary proceeding or other objection to discharge was lodged by Porter and on July 26, 2000, this Court entered an Order of Discharge pursuant to section 727 of the United States Bankruptcy Code. As with the Clerk's Notice of

Bankruptcy, the Notice of Discharge was also sent to Porter c/o Attorney Avery.

In the meantime, events continued to unfold in the Superior Court of Guam. Porter, not having received any payments from Vargason since his Chapter 7 filing, filed a motion with the Guam Superior Court on July 13, 2000, asking that he be held in contempt and that the court order him to pay alimony. The matter came on for hearing on August 29, 2000. The Superior Court of Guam by Order entered September 20, 2000, found Vargason to be in contempt and then proceeded to vacate in part, the Interlocutory and Final Judgment of Divorce. The court vacated that portion of its judgment providing for a $400.00 per month property division and replaced it with a requirement that Vargason make monthly alimony payments of $400.00 per month commencing October 1, 2000. The alimony payments were to be made by means of an assignment to the Clerk of Superior Court of all wages coming due in the future. This order was served upon the Defense Finance and Accounting Service, Garnishment Operations, Cleveland, Ohio and since then Vargason's wages have been withheld.

Upon receipt of the September Order, Vargason re-opened his bankruptcy case which had been closed on August 1, 2000, in order to bring the instant adversary proceeding challenging the viability of the Guam Court's order. He also sought and received a temporary restraining order enjoining any further effort to enforce the wage assignment order pending resolution of this adversary proceeding.

*Conclusions of Law*

1.

Vargason, focused upon the Final Judgment of Divorce entered June 10, 1999, argues that the "debt" owing by him to Porter is precisely as framed by the June 10, 1999, judgment and as thus framed, constitutes a property division dischargeable under section 523(a)(15). He argues that in the context of bankruptcy, debts are determined as of the date of the bankruptcy petition which, in his case, was April 26, 2000. On that date, the only obligation owing to Porter was a $400.00 per month payment in consequence of a property division.

This Court has little difficulty concluding from the language of the Interlocutory Judgment for Divorce that the debt thereby created was intended not as an award of alimony but rather as a division of property. This conclusion is borne out by Vargason's trial testimony as well as by later events in the Guam court whereby the court vacated the division of property replacing it with an award of alimony.

Vargason argues that Porter was stayed by the event of his bankruptcy filing from seeking a motion for contempt from the Guam court and that the Superior Court of Guam could not "re-characterize" the original debt as alimony for purposes of wage garnishment. Apparently it is his position that the September 2000 order is irrelevant to this Court's consideration of whether the debt owing to Porter is dischargeable under section 523(a)(15) because the September order was post-petition. He also states that the Guam court could not "re-characterize" the original debt as alimony for purposes of 42 U.S.C. § 662 because Congress repealed that provision on August 22, 1996. Although section 662 was repealed, its provisions were, for the most part, incorporated into 42 U.S.C. § 659.[1] Any issue bearing upon

---

1. 42 U.S.C. § 662 provided definitions for terms used in section 659 of title 42 but is not

the operative section. 49 U.S.C. § 659 in effect in September 2000 and still in effect

section 669 of title 42 is irrelevant to the question of discharge under the United States Bankruptcy Code.

2.

Section 727 of the United States Bankruptcy Code provides, with certain exceptions, a general discharge of all pre-petition debts existing as of the date of bankruptcy. Debts which are in the nature of alimony and support are not dischargeable. *See* section 523(a)(5). Nor are other debts including property divisions arising out of a decree of divorce, unless the debtor is able to prove up one of the alternatives set forth in section 523(a)(15)(A) or (B).[2] Although debts in consequence of divisions of marital property that do not otherwise constitute alimony or support are nondischargeable, section 523(c)(1)[3] requires a creditor to make a "request" for a determination of dischargeability of a debt claimed to be nondischargeable under section 523(a)(15). Normally this is done by .commencing an

adversary proceeding. *See* 4 *Collier on Bankruptcy* ¶ 523.21, .26 (Lawrence P. King ed., 15th ed.1992). In the case at bar Porter made no such request and hence, by operation of the discharge order the debt owing by Vargason to Porter by virtue of the June 10, 1999 decree was discharged as a division of property.

3.

However, the inquiry does not end with the June 10, 1999, Final Judgment of Divorce. The question remains whether post-petition the Guam court could, as Vargason terms it, "re-characterize" the debt as alimony.

Porter, like many former spouses who cease receiving decree-directed payments, returned to the court issuing the decree and sought further relief resulting in the September 20, 2000, order. In taking this step, Vargason argues that Porter was in violation of the section 362 stay.

---

today, provides for income withholding, garnishment and similar proceedings for enforcement of child support and alimony obligations owing by military personnel. It was amended on August 22, 1996, to incorporate the definitions formerly found in section 662.

**2. Section 523(a)(5) and (15)**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—...

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accor-

dance with State or territorial law by a governmental unit unless—...

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor; ...

**3. Section 523(c)(1).**

(c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

[A] petition ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuance ... of a judicial, administrative, or other action or proceeding against the debtor ... to recover a claim against the debtor that arose before the commencement of the case under this title; [and]

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a).

■ The automatic stay created upon the filing of a bankruptcy petition by the foregoing section does not require actual notice to be effective and, for the most part, prevents a creditor from taking any action to collect a pre-petition debt regardless of notice. *See generally In re Tipton,* 257 B.R. 865, 875 (Bankr.E.D.Tenn.2000).

■ An exception to this general prohibition exists, however, and this exception is fatal to Vargason's argument. Section 362(b)(2)(A)(ii) and (B) create an exception for certain types of ongoing marital disputes:

(b) the filing of a petition under section 301, 302 or 303 of this title ... does not operate as a stay— . . .

(2) under subsection (a) of this section—

(A) of the commencement or continuation of an action or proceeding for—

. . .

(ii) the *establishment* or modification of an order for alimony, maintenance, or support; or

(B) of the collection of alimony, maintenance, or support *from property that is not property of the estate;* (emphasis added).

The foregoing provision does not permit the commencement or continuation of an action to enforce an obligation but it does permit a non-debtor spouse to seek modification of a divorce decree and, most importantly to the issue here, it permits a non-debtor spouse to commence or continue an action for alimony and the collection of alimony from property that is not property of the estate.

■ Property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case". 11 U.S.C. § 541(a)(1). Section 541(a)(6) creates an "earnings exception" by excepting from the estate "earnings from services performed by an individual debtor after the commencement of the case." A debtor's post-petition earnings are not property of the bankruptcy estate. *E.g. In Matter of Avery,* 109 F.3d 765 (5th Cir.1997); *Matter of Clark,* 891 F.2d 111 (5th Cir.1989); *In re Schultz,* 250 B.R. 22 (Bankr.E.D.N.Y. 2000). Thus, while section 362(a)(6) would operate to prevent Porter from seeking to enforce the June 10, 1999 decree as a property division through contempt proceedings, it would not prevent her from seeking an order of the divorce court establishing a right to alimony or seeking its collection from property that is not property of the estate. *See In re Lori,* 241 B.R. 353 (Bankr.M.D.Pa.1999). Although the July 13, 2000 motion filed by Porter with the Superior Court of Guam is captioned "Motion for An Order To Show Cause for Contempt," in the body she prays for an award of alimony and asks for a wage assignment. Pursuit of such a remedy is within the exemption carved out by section 362(b)(2)(A) and (B) and the Superior Court of Guam in its September 20, 2000 Order vacated the property settlement award and instead awarded Porter alimony to be paid by means of an assignment of Vargason's future wages. Nothing in the United States Bankruptcy Code nor in an

order of discharge prohibits a court of general jurisdiction from vacating or modifying its own divorce decree as was done in the instant case. The debt of $400.00 per month created as a consequence of the June 10, 1999 final decree of divorce may no longer exist. It was either discharged as an unchallenged property division by virtue of the July 26, 2000 order of discharge or it was subsequently extinguished by the Superior Court of Guam by virtue of its own order entered on September 20, 2000. Either way the June 10, 2000 Order is irrelevant because the September 20, 2000 Order issued out of the Superior Court of Guam does exist and is valid and is not assailable in the United States Bankruptcy Court.

*Conclusion*

For the foregoing reasons the Temporary Restraining Order entered by this Court on January 2, 2001, is **vacated**. Judgment may be entered in favor of the Defendant, Gwi Su Porter and against the Plaintiff, John C. Vargason, dismissing in all things his complaint seeking a determination of discharge and permanent injunction. The order entered by the Superior Court of Guam in Domestic Case No. D.M. 0395–99 on September 20, 2000, providing for alimony and an assignment of wages is unaffected by the bankruptcy filing of John C. Vargason.

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**

**SO ORDERED.**