Jacqueline ALLEN, Creditor/Plaintiff in Bankruptcy Court, Appellant,

v.

Christopher Lynn ALLEN, Debtor/Defendant in Bankruptcy Court, Appellee.

No. 00–35528.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2001*

Filed Jan. 11, 2002·

R.App. P. 34(a)(2).

Brian M. Fryer, Indio, California, for plaintiff-appellant Jacqueline Allen.

James A. Patten, West, Patten, Bekkedahl & Green, P.L.L.C., Billings, Montana, for defendant-appellee Christopher Allen.

Before: O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

McKEOWN, Circuit Judge:

Jacqueline Allen sought relief from the automatic stay imposed by her former husband's bankruptcy filing so that she could pursue in California state court a modification of spousal support and an appeal of a dissolution judgment. The bankruptcy court denied relief on the ground that Jacqueline failed to show adequate cause pursuant to 11 U.S.C. § 362(d)(1). The district court affirmed. The question we now consider is whether Jacqueline's efforts with respect to her dissolution proceedings should have been excepted from the automatic stay under 11 U.S.C. § 362(b)(2)(A)(ii), which exempts "the commencement or continuation of an action or proceeding for ... the establishment or modification of an order for alimony, maintenance, or support." We hold that, to the extent they relate to spousal support, the dissolution proceedings fall within this exemption. Consequently, we reverse the order denying relief from the automatic stay and remand for further proceedings.

## BACKGROUND

Underlying this bankruptcy appeal is a marriage gone awry. Jacqueline and Christopher Allen were married for seventeen years before their divorce in December 1998. Christopher worked as an emergency room physician in California until he moved to Billings, Montana in April 1998. Prior to his move, Christopher practiced medicine through a professional corporation. Jacqueline was employed as Christopher's bookkeeper and office manager. Following his move, Christopher secured employment at a hospital in Billings. Under the marriage dissolution judgment filed on December 23, 1998, Jacqueline was awarded spousal support of $4500 per month plus 35% of Christopher's earnings over $156,000 per year. Jacqueline also received certain marital assets that are not at issue here. On January 21, 1999, Jacqueline filed a notice of appeal from this judgment.

Concurrent with the dissolution proceeding, Jacqueline pursued personal injury claims against Christopher. He allegedly attacked Jacqueline in April 1996 when she refused his demands for Valium and the keys to their car. The attack occurred immediately after Christopher's release from jail following an arrest for driving under the influence. He allegedly choked and repeatedly punched Jacqueline in the face and head. Jacqueline filed her personal injury action against Christopher in California state court in 1997. She filed

extensive photographic and testimonial evidence regarding the attack. According to her filings, the attack left Jacqueline with severe neck, back, and jaw injuries, and with continuing and escalating medical expenses.

Jacqueline was proceeding with both the personal injury case and the dissolution appeal when, on February 24, 1999, Christopher filed a Chapter 13 petition for bankruptcy in Montana. Pursuant to 11 U.S.C. § 362(a), Christopher received the benefit of an automatic stay of all claims by creditors, including Jacqueline. At Jacqueline's request, the bankruptcy court modified the bankruptcy stay pursuant to 28 U.S.C. § 157(b)(5), to authorize Jacqueline to pursue her personal injury tort claims in *federal district court in California*.[1]

Subsequently, Jacqueline sought further relief from the automatic stay so that she could continue the dissolution appeal that had been commenced before Christopher filed for bankruptcy. She also sought relief from the stay so that she could pursue a modification of *spousal support to cover the costs of "uninsured extraordinary health costs"* stemming from Christopher's alleged assault.[2]

The bankruptcy court issued an order approving Christopher's Chapter 13 Plan ("the Plan"). In that same order, the bankruptcy court refused to grant Jacqueline further relief from the automatic stay so that she could pursue modification of

---

1. Under § 157(b)(5), personal injury claims may be tried "in the district court in the district in which the claim arose."

2. Jacqueline included a copy of her request for an order to show cause for modification of spousal support as an exhibit to her motion for relief from the automatic stay. The bankruptcy court mistakenly concluded that Jacqueline had already filed her state court re-

support and her appeal of the dissolution judgment.

The district court affirmed the order approving the Plan and denial of relief from the automatic stay. Jacqueline now appeals, raising multiple challenges to the order. Here, we address only those claims pertaining to the bankruptcy court's refusal to grant relief from the automatic stay. The remaining issues are addressed in a separately filed memorandum disposition.

## DISCUSSION

■ **Two bankruptcy provisions relating to stays are at issue.** Section 362(d) requires the court to grant relief from an automatic stay "for cause." 11 U.S.C. § 362(d). Section 362(b)(2)(A) exempts certain proceedings from the stay, including the commencement or continuation of a spousal support action. 11 U.S.C. § 362(b)(2)(A)(ii). The bankruptcy court concluded that Jacqueline failed to show cause under § 362(d) because she did not demonstrate why her dissolution appeal was important to her livelihood, and because she had already been granted relief from the stay to pursue her personal injury claim against Christopher. The bankruptcy court characterized her effort to pursue relief through dissolution proceedings as a "second bite at the apple" and "pure harassment."

■ The bankruptcy court did not, however, evaluate her request for relief from the stay under § 362(b)(2)(A)(ii). That section wholly⸴ exempts certain types of

---

quest as an end-run around the stay against proceedings relating to property disposition. On its face, however, the request does not appear to have been filed in the California court; her counsel characterized the pleadings as the foundation of her request for relief and represented that they had not actually been filed in violation of the automatic stay.

actions from the automatic stay, namely, "the commencement or continuation of an action or proceeding for ... the establishment or modification of an order for alimony, maintenance, or support."[3] Put differently, because the bankruptcy filing does not operate as a stay of these specific proceedings, good cause is not at issue under this section of the code.

The applicability of § 362(b)(2)(A)(ii) presents a question of first impression in this circuit. Indeed, there is little case law that interprets this provision. *See, e.g., Vargason v. Porter (In re Vargason)*, 260 B.R. 488, 492 (Bankr.D.N.D.2001) (motion in state court for alimony and wage assignment covered by § 362(b)(2)(A)); *In re Massengill*, 227 B.R. 697, 699 (Bankr. S.D.Ind.1997) (complaint seeking state court determination as to dischargeability of divorce-related attorney's fees covered by § 362(b)(2)(A)).

Section 362(b)(2)(A)(ii) was added to the bankruptcy code in 1994. Bankruptcy Reform Act of 1994, Pub.L. No. 103–394 § 304 (1994). The 1994 reforms were designed to "provide greater protection for alimony, maintenance, and support obligations owing to a spouse, former spouse or child of a debtor in bankruptcy." H.R. Rep. No. 103–835, at 54 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3363. "[A] debtor should not use the protection of a bank-

ruptcy filing in order to avoid legitimate marital and child support obligations." *Id.* Addition of this provision was among a series of changes that included limiting debtors' ability to discharge debt relating to spousal support, 11 U.S.C. § 523(a)(15), and creating new bankruptcy priority for such debt, 11 U.S.C. § 507(a)(7).

The import of § 362(b)(2)(A)(ii) is consistent with our prior precedent counseling "bankruptcy courts to avoid incursions into family law matters...." *Mac Donald v. Mac Donald (In re Mac Donald)*, 755 F.2d 715, 717 (9th Cir.1985) (affirming bankruptcy court's grant of relief from stay to pursue modification of spousal support action).

Here, § 362(b)(2)(A)(ii) covers the modification request. Specifically, Jacqueline sought to modify the existing support order on grounds that she incurred "extraordinary uninsured health costs." Although her medical needs arose as a consequence of the alleged assault by Christopher, medical expenses are typically encompassed within the rubric of spousal support. Thus, Jacqueline's modification request is squarely within the plain meaning of "the commencement ... of an action or proceeding for ... an order for alimony, maintenance, or support."[4] 11 U.S.C. § 362(b)(2)(A)(ii).

---

**3.** The statute provides as follows:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—

....

(2) under subsection (a) of this section—
(A) of the commencement or continuation of an action or proceeding for—
(i) the establishment of paternity; or
(ii) the establishment or modification of an order for alimony, maintenance, or support; or

(B) of the collection of alimony, maintenance, or support from property that is not property of the estate[.]

**4.** In the same filing, Jacqueline also requested a determination with respect to unpaid spousal support arising from Christopher's employment in Montana. The motion to lift the stay was properly denied as to this claim. Because the claim was embraced within the Plan, and because it related to property of the estate, the claim did not fall within the § 362(b)(2)(B) exemption, which covers support collection "from property that is not property of the estate."

As for Jacqueline's dissolution appeal, its precise nature is not clear from her brief or the record. This circumstance is not surprising as the notice of appeal, which is a form document, was filed just a month before the bankruptcy filing. What we can derive from the bankruptcy filings, however, is that Jacqueline claims there is a substantial legal issue related to spousal support predicated on her long-term marriage and her support of her husband while he obtained his medical degree.

Because neither the bankruptcy court nor the district court addressed in detail the stay issue under § 362(b)(2)(A)(ii), we do not have before us the precise contours of the modification request and dissolution appeal. To the extent Jacqueline seeks modification of her maintenance award (including an increase for medical expenses) or seeks to challenge the state court's calculation and award of maintenance, these proceedings fall within the exemption. Whether Jacqueline's modification action and appeal also encompass claims that are not related to alimony, maintenance, or spousal support, is a factual question not before us. On remand, we leave it to the bankruptcy court to consider which aspects of the modification request and appeal fall within the statutory exemption.

**REVERSED** and **REMANDED.**