In re Constance B. **SALTER**, Debtor.

Constance B. Salter, Petitioner,

v.

**United States Bankruptcy Court for the Central District of California, Respondent.**

**BAP No. CC–02–1124–MOMAP. Bankruptcy No. LA 01–36374 EC.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Filed June 4, 2002.

Constance B. Salter, Los Angeles, CA, petitioner pro se.

United States Bankruptcy Court for the Central District of California, for respondent.

R. Todd Neilson, Neilson, Elggren, LLP, Los Angeles, CA, Chapter 7 Trustee, Office of the United States Trustee, Los Angeles, CA, Steven S. Melmet, Santa Ana, CA, Davis Fischer, Woodland Hills, CA, for other parties.

Before PERRIS, MONTALI, and MARLAR, Bankruptcy Judges.

## ORDER

Petitioner Constance B. Salter has filed a Petition for Writ of Mandamus, challenging an order of the bankruptcy court in petitioner's bankruptcy case that granted relief from the automatic stay with regard to certain real property, and two later orders denying petitioner's motions to set aside that order. We write to address the authority of the Bankruptcy Appellate Panel (BAP) to issue writs of mandamus. Although we conclude that we have that authority, we also conclude that petitioner is not entitled to that relief in this case.

## FACTS

Petitioner is a debtor in a chapter 7[1] bankruptcy case filed in 2001. During the course of the bankruptcy case, the bankruptcy court granted a motion for relief from stay with regard to real property located in Los Angeles, California. Petitioner did not appeal that order. Instead, more than a month after the court entered the order granting relief from stay, petitioner filed a "Motion For Order For Relief From Void Order For Relief From Automatic Stay And Leave Of Court [To]

1. Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

2. For example, Congress specifically established the United States Court of Appeals for the Armed Forces (formerly known as the

File Civil Complaint." The bankruptcy court denied that motion. Two days later, petitioner filed a motion for reconsideration, which the court also denied. Petitioner did not file a notice of appeal from those orders. Instead, after the time had expired for filing a notice of appeal, she filed in the bankruptcy court this Petition for Writ of Mandamus. The bankruptcy court transmitted the petition to this panel for consideration.

## DISCUSSION

1. *Authority of BAPs to issue writs of mandamus*

■ Federal courts' authority to issue extraordinary writs, including writs of mandamus, derives from the All Writs Act, 28 U.S.C. § 1651(a), which provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

Mandamus is

an order directing a public official to perform a duty exacted by law. Mandamus is generally used to prevent district judges from exceeding their authority.

19 James Wm. Moore et al., Moore's Federal Practice § 204.01[2][c] (3d ed.1998) (footnote omitted).

■ Section 1651(a) applies to the Supreme Court and "all courts established by Act of Congress." Congress did not itself establish BAPs in the same way it established other federal courts.[2] Instead, since 1994, Congress has directed each circuit

Court of Military Appeals): "There is a court of record known as the United States Court of Appeals for the Armed Forces. The court is established under article I of the Constitution." 10 U.S.C. § 941.

court to create a BAP, unless the judicial council of the circuit finds that certain circumstances exist:

(1) The judicial council of a circuit shall establish a bankruptcy appellate panel service composed of bankruptcy judges of the districts in the circuit who are appointed by the judicial council in accordance with paragraph (3), to hear and determine, with the consent of all the parties, appeals under subsection (a) [relating to bankruptcy appeals] unless the judicial council finds that—

(A) there are insufficient judicial resources available in the circuit; or

(B) establishment of such service would result in undue delay or increased cost to parties in cases under title 11.

28 U.S.C. § 158(b).

The Judicial Council of the Ninth Circuit established this panel under an earlier, discretionary authorization: [3]

### 1. Establishment of Bankruptcy Appellate Panel

(a) Pursuant to 28 U.S.C. § 158(b)(1), the judicial council hereby establishes and continues a bankruptcy appellate panel to hear and determine appeals from judgments, orders, and decrees entered by bankruptcy judges from districts within the Ninth Circuit, subject to [limitations not relevant here].

Judicial Council of the Ninth Circuit Amended Order Establishing and Continuing the Bankruptcy Appellate Panel of the Ninth Circuit, dated October 15, 1992.

It could be argued that § 1651(a) does not authorize the BAP to issue a writ of mandamus, because the BAP was "established" by the Ninth Circuit Judicial Council, not by Congress. We conclude, however, that such a narrow reading of "established by Act of Congress" is inconsistent with the purpose and function of the All Writs Act, and that BAPs are "established by Act of Congress" as used in § 1651(a).

The definition of "established" does not provide any clear guidance. In the OXFORD ENGLISH DICTIONARY ONLINE, various meanings are attributed to "establish," the most helpful of which is: "To set up on a secure or permanent basis; to found (a government, an institution; in mod. use often, a house of business)." Webster defines "establish" to mean "to bring into existence." WEBSTER'S NEW COLLEGIATE DICTIONARY 391 (1975). Congress could be said to have "established" BAPs under the dictionary definitions, because BAPs did not exist until Congress provided the authority for them.

■ "The basic purpose of § 1651, and of its statutory predecessors, was to assure to the various federal courts the power to

---

**3.** Before 1994, each circuit court had discretion whether to create a BAP to hear appeals from some or all districts in the circuit. *See* 28 U.S.C. § 160. Section 160 was repealed and replaced by 28 U.S.C. § 158 in 1994.

The Ninth Circuit originally authorized the creation of a BAP to hear appeals from only two districts, the District of Arizona and the Central District of California, in 1979. Gordon Bermant and Judy B. Sloan, *Bankruptcy Appellate Panels: The Ninth Circuit's Experience*, 21 ARIZ.ST.L.J. 181, 184 (1989). By 1982, the Ninth Circuit BAP was expanded to include appeals from all thirteen bankruptcy

districts of the Ninth Circuit. *Id.* at 186; United States Courts Ninth Circuit 1998 Annual Report at 62. The Judicial Council of the Ninth Circuit has continued the BAP under various orders ever since. At the time 28 U.S.C. § 158 was enacted in 1994, which made creation of BAPs mandatory unless certain circumstances existed, this panel existed under the authorization of the Ninth Circuit Amended Order Establishing and Continuing the Bankruptcy Appellate Panel of the Ninth Circuit, dated October 15, 1992. The Judicial Council has continued the BAP by orders dated October 26, 1998 and May 9, 2002.

issue appropriate writs and orders of an auxiliary nature in aid of their respective jurisdictions as conferred by other provisions of law." *In re Previn*, 204 F.2d 417, 418 (1st Cir.1953). The All Writs Act was intended to make "explicit the right to exercise powers implied from the creation of" the courts to which it applies. 19 MOORE'S FEDERAL PRACTICE § 204 App. 01. "[I]t has been a traditional common law power of appellate courts to use the extraordinary writs in aid of their appellate jurisdiction." *Morrow v. District of Columbia*, 417 F.2d 728, 734 (D.C.Cir.1969).

The All Writs Act "is not an independent grant of appellate jurisdiction." 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3932 (2d ed.1996) (footnote omitted). Instead, the Act provides authority for a court to issue writs only in aid of appellate jurisdiction that the court already has from another source. *Id.* Congress has authorized the creation of BAPs and has given them general appellate powers over appeals from orders and judgments of bankruptcy courts (subject to the consent or election provisions of 28 U.S.C. § 158(c)(1)). 28 U.S.C. § 158. "Once jurisdiction is established, the ability to issue writs in aid of potential appellate jurisdiction sweeps broadly." *In re Richards*, 213 F.3d 773, 779 (3d Cir.2000). Nothing in 28 U.S.C. § 158 limits the powers implied from the fact of the BAPs' creation as an appellate tribunal, which must include the traditional power to issue writs that aid their jurisdiction. The panel's issuance of writs of mandamus, then, is not an expansion of its jurisdiction but is merely the exercise of a traditional power that arises by virtue of

its jurisdiction to hear appeals in bankruptcy cases.[4]

We are aware of only one other type of court that is created under a similar statutory scheme. The Court of Criminal Appeals, formerly known as the Court of Military Review, is authorized by 10 U.S.C. § 866(a), which provides that "[e]ach Judge Advocate General shall establish a Court of Criminal Appeals[.]" In *Dettinger v. United States*, 7 M.J. 216 (C.M.A.1979), the United States Court of Military Appeals considered whether the All Writs Act applied to the Court of Military Review in light of the language Congress used to authorize the creation of that court. The court reasoned:

Primary consideration must be given to Article 66 of the Uniform Code which provides for a Court of Military Review as an appellate tribunal to review courts-martial for each military service. The material language is that "(e)ach Judge Advocate General shall establish a Court of Military Review." Petitioners' counsel compare this language with that of Article 67, this Court's organic act, which reads: "There is a United States Court of Military Appeals established under article I of the Constitution of the United States." Article 67(a)(1), UCMJ, 10 U.S.C. § 867(a)(1). The comparison[,] they maintain, leads irresistibly to the conclusion that Congress created this Court, but the Court of Military Review for each service is the creation of the Judge Advocate General of that service. Article 66, however, vests no discretion in a Judge Advocate General to decide for himself whether to establish a Court of Military Review;

---

4. The existence of the power to issue writs is also consistent with the Ninth Circuit's conclusion that the BAP is an adjunct of the court of appeals. *In re Burley*, 738 F.2d 981, 986 (9th Cir.1984). As an adjunct of the circuit

court, the BAP must have the powers inherent in an appellate tribunal to issue those writs necessary to the exercise of its jurisdiction, including the power to issue writs of mandamus.

he must do so. Congress prescribed appellate functions for the court, and directed the Judge Advocate General to "establish" the court to carry out those functions. Congress elected to act through the Judge Advocate General, but it conceived the Court of Military Review and it conferred upon it the judicial power it determined the court should have. A Court of Military Review, therefore, is unmistakably a court created by Congress.

7 M.J. at 219.

The same reasoning applies to the establishment of BAPs. Congress "conceived" the BAPs, provided the authority for their creation, prescribed their appellate functions and jurisdiction, and directed the circuits' judicial councils to establish the BAPs to carry out those functions. As with the Courts of Military Review, although Congress chose to act through the circuit judicial councils to create the BAPs, it authorized the BAPs and conferred on them "the judicial power it determined the court should have." 7 M.J. at 219. Because Congress authorizes the establishment of BAPs and defines their authority, we conclude that a BAP is a court established by act of Congress just as the Court of Military Review is a court established by act of Congress.[5]

Without Congress, BAPs would not exist. In light of the purpose of the All Writs Act to make explicit the right to exercise powers implied from the creation of the federal courts, and the fact that Congress authorized the creation of BAPs

and prescribed their jurisdiction, we conclude that the BAP is a court "established by Act of Congress," and therefore is authorized by § 1651(a) to issue writs of mandamus.

2. *Petitioner's entitlement to a writ of mandamus*

■■ "A writ of mandamus is 'an extraordinary or drastic remedy,' used 'only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *DeGeorge v. United States Dist. Ct.*, 219 F.3d 930, 934 (9th Cir.2000) (citations omitted). The petitioner has the burden to establish "'that its right to issuance of the writ is clear and undisputable.'" *Id.* (quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384, 74 S.Ct. 145, 98 L.Ed. 106 (1953)).

■ In determining whether a writ should issue, courts consider five guiding principles: (1) the petitioner "has no other adequate means, such as a direct appeal, to attain the relief" desired; (2) the petitioner would be damaged or prejudiced in a way that could not be corrected on appeal; (3) the trial court's "order is clearly erroneous as a matter of law;" (4) the trial court's "order is an oft-repeated error, or manifests a persistent disregard of the federal rules;" and (5) the trial court's "order raises new and important problems, or issues of law of first impression." *Bauman v. United States Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir.1977). These consid-

---

**5.** The statutory structure of 28 U.S.C. § 158(b) provides the circuits with something between mandatory and discretionary BAPs. Congress requires that each judicial council establish a BAP for its circuit unless the council finds either that there are insufficient judicial resources or that establishment of a BAP would cause "undue delay or increased cost to [the] parties...." We do not think it is

critical whether circuits are required to create BAPs or are merely authorized to do so. BAPs derive their existence and authority from Congress. The power of an appellate court to issue writs in aid of the court's jurisdiction is necessary to the function and authority of that court, regardless of whether the court's creation was mandatory or discretionary.

erations are cumulative, and proper disposition requires a balancing. *Id.* at 655.

 In this case, the first guideline, whether petitioner could have obtained relief through other means, weighs against petitioner. If petitioner wanted review of the order lifting the automatic stay and the court's later orders denying her requests to modify that order, she could have obtained review by filing a timely notice of appeal under Fed.R.Bankr.P. 8002.

The second guideline, whether petitioner has been damaged in a way that cannot be corrected on appeal, also weighs against petitioner. Appellate courts are often asked to review orders granting or denying relief from the automatic stay. *See, e.g., Allen v. Allen,* 275 F.3d 1160 (9th Cir.2002).

Petitioner has not cited any cases or legal authority in support of her petition for a writ. Nor has she provided a transcript of any of the hearings before the bankruptcy court. Thus, petitioner has failed to establish that the bankruptcy court's orders are clearly erroneous, the third *Bauman* factor, or that the bankruptcy court's order is an oft-repeated error, the fourth *Bauman* factor.

Petitioner has not raised a new or important legal problem or an issue of law of first impression. Thus, the fifth guideline also weighs against petitioner.

Petitioner has failed to establish that a writ of mandamus should issue.[6]

## CONCLUSION

We conclude that we have the authority to issue a writ of mandamus under appropriate circumstances. However, we decline to issue a writ in this case, because petitioner has not demonstrated the right to issuance of the writ.

The petition for writ of mandamus is hereby ORDERED DENIED and this matter is DISMISSED.

---

6. If a petition for writ of mandamus has been filed when a notice of appeal should have been made, the court may treat the writ as a notice of appeal. Because petitioner filed her request for the writ after the ten-day time limit for filing a notice of appeal under Fed. R.Bankr.P. 8002, we cannot treat this petition as a notice of appeal.