FILED
United States Court of Appeals
Tenth Circuit

July 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

C. ELI-JAH HAKEEM
MUHAMMAD, also known as
Christopher Mitchell,

        Petitioner - Appellant,

        v.

R. WILEY, FCC/ADMAX Warden,

        Respondent - Appellee.

No. 09-1113

(D. Colorado)

(D.C. No. 1:09-CV-00049-ZLW)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The court therefore orders the case submitted without oral argument.

C. Eli-Jah Hakeem Muhammad, a federal prisoner proceeding *pro se*,

appeals the district court's denial of the habeas corpus application he filed

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

pursuant to 28 U.S.C. § 2241. The record indicates Muhammad filed a § 2241 habeas application in the United States District Court for the District of Colorado on January 13, 2009. The case was docketed as Case No. 09-CV-00049. In this application, Muhammad raised claims relating to a prison disciplinary hearing held in response to the filing of an incident report numbered 1703407 ("IR 1703407"). The district court's docket sheet indicates Muhammad filed a second § 2241 habeas application on January 27, 2009. This application challenged a prison disciplinary proceeding relating to an incident report numbered 1703408 ("IR 1703408"). It appears the district court treated this second § 2241 application as superceding the application filed on January 13, 2009. Consequently, it was not assigned a second case number.

On February 18, 2009, the district court entered an order in Case No. 09-CV-00049 dismissing the § 2241 application filed on January 27, 2009. Applying the standards set out in *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974), to the due process claims raised in the January 27th application, the court concluded Muhammad was not entitled to relief. It is clear from the order that the district court only considered the claims related to IR 1703408 which were raised in the January 27th application. Muhammad then filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, seeking reconsideration of the court's order. He argued the court erroneously ruled on the claims related to IR 1703408

instead of the claims related to IR 1703407. The district court denied the motion and this appeal followed.

In his appellate brief, Muhammad argues Case No. 09-CV-00049 involved the claims related to IR 17034807 and, thus, the district court erred when it instead adjudicated the claims related to IR 17034808. We agree. Our review of the record confirms the district court erroneously failed to either docket Muhammad's January 27th habeas application as a separate § 2241 action or consolidate the two § 2241 applications. Thus, the court erred when it resolved the claims related to IR 17034808 in Case No. 09-CV-00049 instead of the claims related to IR 17034807. Accordingly, we **reverse** the judgment dismissing Case No. 09-CV-00049 and **remand** the matter to the district court for further proceedings not inconsistent with this opinion. Muhammad's motion to proceed *in forma pauperis* on appeal is **granted**

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge