FILED
United States Court of Appeals
Tenth Circuit

January 29, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

C. ELI-JAH HAKEEM
MUHAMMAD, a/k/a Christopher
Mitchell,

           Petitioner - Appellant,

v.

RON WILEY, FCC/ADMAX Warden,

           Respondent - Appellee.

No. 09-1471
(D. Colorado)
(D.C. No. 09-cv-00049-ZLW)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Appellant and petitioner C. Eli-Jah Hakeem Muhammad, a/k/a Christopher Mitchell, appeals the district court's order denying his 28 U.S.C. § 2241 petitions, which claimed violations of his due process rights during disciplinary proceedings relating to two incident reports.[1]  For the following reasons, we affirm.

Mr. Muhammad is in the custody of the United States Bureau of Prisons at ADMAX Florence.  The two incident reports ("IR") in question, IR #1703408 and IR #1703407, relate to the same infraction which occurred on February 25, 2008, when Mr. Muhammad sprayed both a fellow inmate and a prison officer with urine from a shampoo bottle.  In IR #1703408, Mr. Muhammad was charged with spraying another inmate with urine and in IR #1703407, he was charged with spraying an officer with urine.  A single disciplinary hearing addressed both incidents.  The outcome of the hearing was that Mr. Muhammad was assigned varying days of disciplinary segregation and restrictions on the use of certain

---

[1]As the district court stated with regard to Mr. Muhammad:

Applicant is a prolific filer of both prisoner complaints and of § 2241 actions in this Court.  Applicant is subject to 28 U.S.C. § 1915(g) restrictions in prisoner complaint actions.  He has also filed six previous § 2241 actions, all of which address disciplinary actions and have been dismissed for failure to state a violation of Applicant's due process rights under Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Five of the six previous § 2241 actions have been affirmed on appeal.  The sixth § 2241 action is pending on appeal.

Muhammad v. Wiley, 2009 WL 3172714, at *1 (D. Colo. Oct. 2, 2009) (footnote omitted).

amenities, and he was deprived of certain good conduct time. Mr. Muhammad unsuccessfully pursued an administrative appeal.

Mr. Muhammad then filed these § 2241 habeas petitions. He raised seven claims in one petition and four in the other, alleging a deprivation of his procedural and substantive due process rights because prison officials failed to follow the Code of Federal Regulations and either violated the requirements in Wolff v. McDonnell, 418 U.S. 539, 556 (1974), or violated his Fifth Amendment rights. The district court denied one of his habeas petitions. Muhammad v. Warden, 2009 WL 440888 (D. Colo. Feb. 18, 2009), rev'd, Muhammad v. Wiley, 341 Fed. Appx. 359 (10th Cir. July 16, 2009) (unpublished). On appeal, this court reversed and remanded the matter, finding that, although Mr. Muhammad had filed two separate § 2241 applications, one on January 13, 2009, and the other on January 27, 2009, the district court had only addressed the merits of one (the January 27 application).

On remand, the district court addressed both applications, reaffirming the denial of the January 13, 2009, application and denying the other application and dismissing the action. The court also denied Mr. Muhammad permission to proceed on appeal *in forma pauperis*. This appeal followed.

We review de novo the district court's denial of Mr. Muhammad's § 2241 applications. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). While Mr. Muhammad's hand-written, *pro se* brief is extremely hard to decipher, we

have done our best to discern his arguments.  He presents ten issues:

(1) "violation of the 1st <u>Wolff</u> factor:  whether there was ineffective notice of disciplinary charges"; (2) "violation of the 3rd <u>Wolff</u> factor:  whether pro se appellant was denied the right to present documentary evidence in his defense"; (3) "whether there was 'some evidence' in the record to support an adverse prison disciplinary decision"; (4) "whether there was a deprivation of procedural/substantive due process in connection of [sic] revoked good-time credits"; (5) "violation of the 1st <u>Wolff</u> factor:  whether there was ineffective notice of disciplinary charges on incident report No. 1703408"; (6) "violation of the 4th <u>Wolff</u> factor:  whether pro se appellant been [sic] afforded the procedural due process to which he was entitled"; (7) "violation of the 3rd <u>Wolff</u> factor: denial to call requested witness in incident report #1703408"; (8) "violation of the 3rd <u>Wolff</u> factor:  whether pro se appellant was denied the right to present exculpatory evidence in his defense in incident report # 1703408"; (9) "whether disciplinary action not based on evidence adduced at the admin D.H.O. hearing on incident report #1703408"; (10) "whether there was a deprivation of procedural/substantive due process in connection of [sic] removed good-time credits relating to incident report #1703408."  Appellant/Petitioner's Op. Br. at 3-12.

It appears that Mr. Muhammad raised all of these issues before the district court, and the court addressed them in its two opinions issued in this case.  We

-4-

have read the entire record and have carefully read Mr. Muhammad's submissions to the best of our ability. We cannot improve on the district court's discussion and analysis of Mr. Muhammad's arguments, and we therefore affirm the district court's denial of Mr. Muhammad's § 2241 applications for substantially the reasons stated in its decisions dated February 18, 2009, and October 2, 2009.

For the foregoing reasons, we AFFIRM the denial of Mr. Muhammad's petitions. We DENY Mr. Muhammad leave to proceed on appeal *in forma pauperis*.

As indicated above, Mr. Muhammad is a prolific filer. This is his seventh § 2241 action challenging disciplinary proceedings. We caution Mr. Muhammad that repetitive proceedings arguing meritless issues may subject him to sanctions. See In re Winslow, 17 F.3d 314, 316 (10th Cir. 1994) (en banc); Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987).

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

-5-